# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORP., et al,[1]<br><br>Debtors. | Chapter 11<br>Bankr. Case No. 22-10584 (CTG)<br>**Joint Administration Pending** |
| LORI BUCKLEY, GAYLE ZECH, ROBERTA MARTINEZ, JENNIFER JACKSON and JAMES DAVIES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORP., et al.<br><br>Defendants. | **Adv. Pro. No.** _____ - _____ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.

Plaintiffs Lori Buckley, Gayle Zech, Roberta Martinez, Jennifer Jackson and James Davies ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees of First Guaranty Mortgage Corporation and its affiliates ("FGMC" or "Debtors") by way of this Class Action Adversary Proceeding Complaint against Debtors as follows:

### NATURE OF THE ACTION

1. The Plaintiffs bring this action on behalf of themselves, and other similarly situated

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.

former employees who worked for Debtors and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Debtors beginning on or about June 24, 2022, who were not provided 60 days advance written notice of their terminations by Debtors, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., (the "WARN Act").

2.    Plaintiffs were terminated along with approximately 470 similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Debtors on June 24, 2022.

3.    Debtors failed to give Plaintiffs and similarly situated employees of Debtors at least 60 days' advance notice of their terminations, as required by the WARN Act. Plaintiffs on behalf of the similarly situated employees of Debtors seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 29 U.S.C. § 2104(a)(5).

5.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

7.    Plaintiff Lori Buckley was employed by Debtors as a Senior Credit Policy Analyst from spring 2021 until June 24, 2022.

8.    Plaintiff Buckley is a resident of the state of Texas.

9.    Upon information and belief, Plaintiff Buckley received assignments from and

reported to, Debtors' facility located at 5800 Tennyson Pkwy Suite 450, Plano, Texas.

10. For her work email signature block, Debtors gave Plaintiff Buckley a telephone number with a Plano area code, and address, which was 5800 Tennyson Pkwy Suite 450, Plano, Texas.

11. Plaintiff Gayle Zech was employed by Debtors as a senior loan originator from November 2021 until June 24, 2022.

12. Plaintiff Zech is a resident of the state of Michigan.

13. For her work email signature block, Debtors gave Plaintiff Zech a telephone number with a Plano area code, and address, which was 5800 Tennyson Pkwy Suite 450, Plano, Texas.

14. Plaintiff Zech did not work at that facility but on information and belief received assignments from, and reported to it.

15. Plaintiff Roberta Martinez was employed by Debtors as an underwriter from July 2020 until June 24, 2022.

16. Plaintiff Martinez worked remotely, and on information and belief, received assignments from, and reported to Debtors' Texas facilities

17. Plaintiff Martinez is a resident of the state of California.

18. Plaintiff Jennifer Jackson was employed by Debtors as a loan administrator from August 2021 until June 24, 2022.

19. Plaintiff Jackson is a resident of the state of Texas.

20. For her work email signature block, Debtors gave Plaintiff Jackson a telephone number with a Plano area code, and address, which was 5800 Tennyson Pkwy Suite 450, Plano, Texas.

21. Plaintiff Jackson did not work at that facility but on information and belief received assignments from, and reported to it.

22. Plaintiff James Davies was employed by Debtors as a senior loan originator from July 2021 until April 27, 2022 when he was terminated in a mass layoff conducted by Debtors on that date without prior notice.

23. On information and believe, Debtors laid off approximately 300 employees on April 27, 2022 without cause and without a WARN notice.

24. Debtors rehired James Davies on June 7, 2022 and terminated him again on June 24, 2022 in the mass layoff of that date, without notice.

25. Plaintiff James Davies is a resident of the state of North Carolina.

26. For his work email signature block, Debtors gave Plaintiff Davies a telephone number with a Plano area code and a company phone extension, and address, which was 5800 Tennyson Pkwy Suite 450, Plano, Texas.

27. Debtors presented Plaintiff Davies on its corporate website as a member of its Plano branch, promoting him with a personal webpage which provided his picture, biography, and Plano office address and telephone number and extension. https://fgmc.com/jay-davies/

28. Plaintiff Davies did not work at the Plano facility but on information and belief received assignments from and reported to it.

29. Plaintiff Davies brings his claim for violation of the WARN Act on behalf of himself and those who were terminated on April 27, 2022 and those who were terminated on June 24, 2022.

30. On June 24, 2022, Plaintiffs were notified of their respective terminations effective immediately.

31. Plaintiffs were terminated without cause.

32. At no time prior to June 24, 2022 did Plaintiffs receive written notice that their employment would be terminated.

33. Plaintiffs' last day of employment was June 24, 2022.

34. Along with Plaintiffs, approximately 470 other employees of Debtors who worked at, reported to, or received assignments from the Debtors' facility in Plano, Texas, as well as other sites including one in Henderson, Nevada and Fort Worth, Texas (collectively, the "Facilities") were terminated on or about June 24, 2022 without 60 days' advance written notice.

*__Debtors__*

35. Upon information and belief and at all relevant times, Debtors operated as a full service, non-bank mortgage lender that originated residential mortgages through a national platform.

36. Upon information and belief and at all relevant times, Debtors are privately owned corporations.

37. Upon information and belief, Debtors' headquarters are located at 5800 Tennyson Pkwy Suite 450, Plano, Texas 75024.

38. Upon information and belief, Debtors also operate facilities located at 2200 Paseo Verde Pkwy Unit 210, Henderson, Nevada and 300 Throckmorton Street Suite 500, 520, and 630 Fort Worth, Texas.

39. Upon information and belief, the majority of employees Debtors laid off on June 24, 2022 worked remotely, receiving assignments from and reporting to their Facilities. The employees performed their work on Debtors' virtual platform, which consisted of programs and applications that could be, and were, accessed by employees from anywhere using the company's

mobile laptops.

40. Debtors did not instruct remote employees where to work, or inhibit them from working where they pleased.

41. On June 30, 2022, Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 the United States Bankruptcy Code in this Court (Bankr. Case Nos. 22-10583, 22-10584). Joint administration of those cases is pending.

## FEDERAL WARN CLASS ALLEGATIONS

42. Plaintiffs bring a claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b) made applicable by Fed. R. Bankr. P. Rule 7023 ("Rule 23"), who worked at, received assignments from, or reported to one of Debtors' Facilities and were terminated without cause on or about June 24, 2022 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Debtors on or about June 24, 2022 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

43. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 470 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Debtors.

44. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Debtors' books and records.

45. On information and belief, the rate of pay and benefits that were being paid by Debtors to each WARN Class Member at the time of his/her termination is contained in the books and records of Debtors.

46. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Debtors who worked at, received assignments from, or reported to the Facilities;
>
> (b) whether Debtors unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;
>
> (c) whether Debtors' unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

47. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, received assignments from, or reported to the Facilities and was terminated without cause on or about June 24, 2022 due to the mass layoffs and/or plant closings ordered by Debtors.

48. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Debtors decided to order mass layoffs or plant closings at the Facilities.

49. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

50. Class certification of these claims is appropriate under Rule 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available

methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation in bankruptcy court, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

51. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

52. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

**CLAIM FOR RELIEF**
**Violation of the WARN Act, 29 U.S.C. § 2104**

53. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

54. At all relevant times, Debtors employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

55. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

56. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Debtors as that term is defined by 29 U.S.C. §2101.

57. On or about June 24, 2022, Debtors ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

58. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Debtors' employees as well as thirty-three percent of Debtors' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

59. Plaintiffs and the Class Members were terminated by Debtors without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Debtors at the Facilities.

60. Plaintiffs and the Class Members are "affected employees" of Debtors, within the meaning of 29 U.S.C. § 2101(a)(5).

61. Debtors were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

62. Debtors failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

63. Plaintiffs and each of the Class Members are "aggrieved employees" of the Debtors as that term is defined in 29 U.S.C. § 2104(a)(7).

64. Debtors failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Debtors:

A. An allowed claim against Debtors in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B. Certification that Plaintiffs and the other Class members constitute a single class;

C. Appointment of Plaintiffs as the Class Representatives;

D. Appointment of the undersigned attorneys as Class Counsel;

E. An allowed administrative priority claim against Debtors under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper;

Dated: June 30, 2022

Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**

                              1225 King Street, Suite 800
                              Wilmington, Delaware 19801
                              Telephone: (302) 654-0248
                              Facsimile: (302) 654-0728
                              E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122
stuart@lankmill.com

**THE GARDNER FIRM**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181
molsen@thegardnerfirm.com

*Attorneys for Plaintiffs and the putative class*